UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARK AND DEBORAH BUCHANAN                                      PLAINTIFFS

VERSUS                                       CIVIL ACTION NO. 1:06CV419-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                          DEFENDANT

**<u>ORDER</u>**

This case is before the Court on [60] motion to compel filed by State Farm Fire and Casualty Company (State Farm), challenging the sufficiency of Plaintiffs' responses to certain interrogatories and requests for production. The Court finds as follows as to each of the contested items:

**Interrogatory No. 6:** Defendant requests that Plaintiffs identify and provide information about "each specific portion of [their] house and/or its contents that was not damaged as a result of water damage..." Plaintiffs object that the interrogatory calls for a legal conclusion, is not reasonably calculated to lead to discovery of admissible information, and prematurely seeks expert opinion evidence. Subject to the objections, Plaintiffs respond that it is not their burden to disprove water damage, but the Defendant's to prove it in order to properly deny coverage. Because the policy places upon the Defendant the burden of establishing the loss incurred was due to an excluded cause, such as water damage, the Court will not require Plaintiff to respond to this interrogatory.

**Interrogatory No. 8**: Defendant requests that Plaintiffs "list each newspaper, magazine, radio station, television station and any other public media regularly read and/or watched by any

member of your family residing in the house from July 1, 2004[1] through the present." Plaintiffs object that such information is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant contends Plaintiffs' knowledge from public sources about the cause of loss, the scope of homeowners coverage, and availability of coverage is relevant to the action. Defendant presents no authority to support its position, and the Court is unpersuaded that the requested information has any relevance to the present litigation. Plaintiffs are not required to answer this interrogatory.

**Interrogatory No. 9**: Defendant requests that Plaintiffs "describe in detail the knowledge held by those individuals identified under Section 'A' of Plaintiffs' pre-discovery disclosures." Plaintiffs object that the request is overly broad and unduly burdensome, as it is not limited in time, scope or subject matter. Again, Defendant presents nothing to justify the Court's compelling Plaintiffs to respond to this interrogatory, other than its statement that, "If a person has been identified as having some knowledge ... the plaintiffs should know the substance of any such relevant knowledge." Defendant cites no authority for its position, and since the Court is not privy to Plaintiffs' pre-discovery disclosures, it cannot determine the merit or lack of merit in Plaintiffs' objection. Plaintiffs will not be compelled to respond further to this interrogatory at this time. The parties are reminded that FRCP Rule 26(e) and Local Rule 26.1(A)(5) govern the duty to supplement disclosures and discovery responses with subsequently acquired information.

**Interrogatory No. 15**: Defendant asks Plaintiffs to give a detailed legal/factual basis for their insurance claim for $122,500.00, to cite the authorities upon which the claim is based and to identify all witnesses/evidence which support the claim. Plaintiffs claim the query calls for a

---

[1]Hurricane Katrina struck on August 29, 2005.

legal conclusion and mental impression of their attorneys. Subject to the objections, Plaintiffs respond by referring Defendant to "the general insuring clause for coverage A of the policy, to District Judge Senter's rulings in the *Tuepker* and *Guice* cases," and to their response to Interrogatory No. 1 with respect to witnesses. The Court further finds inappropriate and insufficient the Plaintiffs "response" which merely incorporates by reference the insurance policy and court decisions. Plaintiffs shall respond to this interrogatory as to the request for factual information, witnesses and evidence.

**Interrogatory No. 24**: Defendant asks whether Plaintiffs contend the amount of money they have spent for living expenses since their loss has increased from the amount they paid for living expenses prior to the loss, and if so, Defendant requests that Plaintiffs specifically describe each category of living expense they claim has increased, the amount of the increase, reason for the increase, and that Plaintiffs identify all documents, evidence and witnesses claimed to support their contention. Plaintiffs did not object to this interrogatory, but merely responded, "Yes, however this specific information is not readily available to the Plaintiffs. As such, Plaintiffs will submit this information as soon as practicably possible." Plaintiffs shall provide Defendant with the remaining information requested, *i.e.*, category of expenses, amount of increase, reason for increase, and identification of documents, evidence and witnesses supporting the claim.

**Interrogatory No. 25**: Defendant requests that Plaintiffs detail all damages they are claiming as to the amount of each claim, the factual and legal bases upon which claims are made, and the insurance policy provision under which coverage for each claim is sought, and that Plaintiffs identify all documents, evidence and witnesses which support or contradict each claim. Plaintiffs made no objection to this interrogatory, and their response contains no factual or legal

3

bases for their claims. Plaintiffs shall respond to the interrogatory.

**Interrogatory No. 28**: Defendant requests the factual and legal basis for Plaintiffs' allegations that Defendant implemented measures designed to pressure its adjusters/employees to pay less than the fair value of claims and create unfair advantage over competitors. Plaintiffs interposed no objection, but merely referred Defendant to their response to Interrogatory No. 20. Defendant urges that the response to Interrogatory No. 20 does not delineate any secret or unknown practices in sufficient detail to allow for a defense against such allegations. Plaintiffs shall respond to Interrogatory No. 28.

**Interrogatory No. 29**: Defendant requests Plaintiffs to describe with particularity all damages to their home/contents which were proximately caused by windstorm, including the amount of damage caused to the dwelling and each item of contents caused by windstorm, stating all facts and identifying all witnesses, documents, recordings, reports, videos, and evidence of any kind that relates in any way to Plaintiffs' contention that windstorm caused the damage. Plaintiffs object that this interrogatory seeks information subject to attorney/client privilege and/or attorney work product privileges. Subject to the objection, Plaintiffs responded they would designate experts pursuant to the case management order. This is unresponsive to the request made in Interrogatory No. 29. Plaintiffs shall therefore respond to Interrogatory 29.

**Request for Production No. 1**: Defendant requests all documents or evidence relating in any way to Plaintiffs' claim for damages under Coverage A as a result of their August 29, 2005 loss.[2] Plaintiffs object that the request is vague, overly broad and ambiguous, and that it seeks

---

[2] In Requests for Production No. 1, No. 2, and No. 3, Defendant additionally seeks production of everything obtained by Plaintiffs' counsel in response to a solicitation letter sent by the law firm. The Court reminds the parties that discovery is as to the Plaintiffs' lawsuit, not

4

information subject to attorney work product and attorney client privileges. Subject to the objection, Plaintiffs responded by producing five enumerated items of evidence. Defendant has presented nothing to indicate the response is deficient, or to warrant an order compelling further response . The Court expects the parties to comply with the requirements for supplementation of discovery responses as set forth in FRCP Rule 26(e), and Local Rule 26.1(A)(5).

**Request for Production No. 2**: Defendant requests all documents or evidence relating to Plaintiffs' claim for damages under Coverage B of the policy as a result of the hurricane loss. Plaintiffs objected that the request is vague, overly broad and ambiguous, and that it seeks information subject to attorney-client and work product privileges, then responded by referring Defendant to "documents attached hereto in response to Request for Production No. 1." Plaintiffs state, in response to the motion to compel, that they have produced the documents responsive to Defendant's request. Plaintiff is not required to respond further to this request.

**Request for Production No. 3**: Defendant requests all documents or evidence relating in any way to Plaintiffs claim for damages under Coverage C of their insurance policy. Plaintiffs object that the request is vague, overly broad and ambiguous and that it seeks information subject to attorney work product and attorney client privileges and again referred Defendant to their response to Request for Production No. 1. Plaintiffs shall respond to this request by producing documents to which no claim of privilege is asserted, and by producing a privilege log as to such documents as may be withheld under claim of privilege.

**Request for Production No. 5**: Defendant requests that Plaintiffs produce every

---

Plaintiffs' attorneys' general research efforts and compilation of information. Requests for Production of Documents under Rule 34 are limited to parties.

document identified, relied upon or referenced in answering the Interrogatories and Requests for Production.[3]  Plaintiffs objected to the request as vague, ambiguous, and seeking information subject to attorney work product and attorney client privileges, and again referred Defendant to their response to Request for Production No. 1.  Plaintiff shall produce that portion of the requested documents for which no claim of privilege is asserted, and shall produce a privilege log for the remainder.

**Request for Production No. 8**: Defendant requests production of all documents and evidence Plaintiffs claim they have submitted to State Farm concerning their claim.  Plaintiffs object to the request as seeking information subject to the attorney work product and attorney client privileges.  Plaintiffs are ordered to produce the requested documents/evidence.

**Request for Production No. 9**: Defendant requests production of "all reports, photographs, emails, tapes, video or voice and digitally stored recorded or written statements, interviews and conversations, tangible items, documents or evidence, photographs, movies, or video tapes ..." relating to the Plaintiffs' loss and claims against Defendant.  Plaintiffs object that the request seeks information subject to the attorney work product and attorney-client privileges.  Plaintiff is ordered to produce that portion of the documents for which no claim of privilege is asserted, and a privilege log regarding the items withheld under claim of privilege.

**Request for Production No. 17**: Defendant requests all documents in Plaintiffs' possession which purport to be documents made, created, written, or produced by, or for, State Farm relating to "the homeowners policy, flood policy, and the sale of any policy or any

---

[3]This request also asks for such documents relative to responses for Requests for Admissions, however, no issue is before the Court regarding any request for admissions.

adjustment of any damage resulting from Hurricane Katrina under any policy." Plaintiffs object that the request is "overly broad and limited in time, scope or subject matter." Plaintiffs produced nothing in response to this request. Plaintiffs are ordered to produce the requested documents.

**Request for Production No. 18**: Defendant requests production of "all documents or evidence of any kind" which supports or contradicts Plaintiffs' claims that State Farm implemented programs for adjustment of Hurricane Katrina claims designed to pressure adjusters and employees to pay less than the fair value of such claims. Plaintiffs object that the request seeks information subject to attorney work product and attorney mental impressions. In their 11/20/2006 response to the motion to compel, Plaintiffs referred to "recently obtained documents attached as exhibits to Plaintiffs' response to Defendant's 2nd Motion for Protective Order", and stated that said documents "will be the subject of a Supplemental Response to this request." The docket reflects no notice of filing of any supplemental response. Plaintiffs are ordered to produce the requested documents to which no claim of privilege is made, and to produce a privilege log as to items withheld under claim of privilege.

**Request for Production No. 22**: Defendant requests production of "all personal and business income tax returns filed with the state and federal government since January 1, 2005, including all schedules, forms and copies of all documents or evidence delivered to [Plaintiffs] tax preparer for the years 2005 through the present." Plaintiffs object that the request seeks confidential personal and business information irrelevant to the issues in the case, and not reasonably calculated to lead to discovery of admissible evidence. Defendant contends the requested production is reasonably calculated to lead to discovery of admissible evidence as to

7

damages, the amount of money already paid to Plaintiffs, and the amount of any catastrophe loss.  The Court finds that due to their confidential nature, tax returns should not be unnecessarily disclosed, particularly where the information sought appears to be readily obtainable by other means.  Plaintiffs are not required to produce the requested tax returns.  It is therefore,

>**ORDERED** that [60] Defendant's motion to compel is granted in part and denied in part as specifically set forth above.

>SO ORDERED, this the 28th day of February, 2007.

>s/ *Robert H. Walker*
>UNITED STATES MAGISTRATE JUDGE